16-0495-ag(L)
The Cement League, et al. v. NLRB, et al.

### UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION 'SUMMARY ORDER'). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of April, two thousand seventeen.

PRESENT: JOHN M. WALKER, JR.,
         DENNIS JACOBS,
         BARRINGTON D. PARKER,
                         Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -X
THE CEMENT LEAGUE, NEW YORK CITY AND
VICINITY DISTRICT COUNCIL OF
CARPENTERS,
         Petitioners-
         Cross-Respondents,

         -v.-                                16-0495-ag(L),
                                             16-0972-ag(XAP)
NATIONAL LABOR RELATIONS BOARD,
         Respondent-
         Cross-Petitioner,

NORTHEAST REGIONAL COUNCIL OF CARPENTERS,
         Intervenor.

- - - - - - - - - - - - - - - - - - - - -X

1

**FOR PETITIONERS–CROSS-RESPONDENTS:**

MICHAEL SALGO; New York, NY.

James M. Murphy, Gillian Costello; Spivak Lipton LLP, New York, NY.

Andrew D. Roth, Adam Bellotti; Bredhoff & Kaiser PLLC, Washington, DC.

Paul Salvatore, Andrew E. Rice; Proskauer Rose LLP, New York, NY.

**FOR RESPONDENT–CROSS-PETITIONER:**

KYLE A. DECANT, Robert J. Englehart; National Labor Relations Board, Washington, DC.

**FOR INTERVENOR:**

RAYMOND G. HEINEMAN; Kroll Heineman Carton, Iselin, NJ.

Petition for review of an order of the National Labor Relations Board.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the petitions for review are **DENIED**, the cross-petition for enforcement is **GRANTED** and the issuance of the mandate is **HELD IN ABEYANCE**; the Clerk of Court is directed to deliver a copy of this order to U.S. District Judge Richard M. Berman, and the mandate **SHALL NOT ISSUE** until the lesser of 30 days from the issuance of this order or until the parties advise this court as to Judge Berman's view whether this order bears upon matters that are within the jurisdiction of his supervision of a consent order in United States v. NYC Council, No. 1:90-cv-5722. This order shall be subject to any further measures that may be appropriate in light of such views as he may express.

2

Petitioners-Cross-Respondents New York City and Vicinity District Council of Carpenters ("NYC Council") and The Cement League petition this court for review of a decision and order of the National Labor Relations Board ("NLRB" or the "Board"), which held that a provision of the collective bargaining agreement ("CBA") between the NYC Council and The Cement League violates the National Labor Relations Act ("NLRA") and ordered that the provision not be enforced. The NLRB, joined by Intervenor Northeast Regional Council of Carpenters ("Northeast Council"), cross-petitions for enforcement of the NLRB's order. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

The NYC Council and the Northeast Council are regional councils--i.e., intermediate bodies--of the United Brotherhood of Carpenters & Joiners of America. The NYC Council is composed of union locals principally within New York City, and the Northeast Council is composed of union locals principally in northern New Jersey, upstate New York, and on Long Island. The Cement League is an employer association that bargains on behalf of its membership, which includes large construction contractors doing business in New York City.

The Cement League has, over many years, executed a series of CBAs with the NYC Council. Several versions of the CBA have provided that covered employers could select fifty percent of their employees from any source, without regard to union membership, and had to hire the other fifty percent from an out-of-work list that is maintained by the NYC Council but is open to nonmembers. A recent modification of the CBA afforded employers complete discretion to hire anybody they wish without use of the out-of-work list if and only if the people they hire are members of the NYC Council. Employers who hire nonmembers must still match their selected employees one-to-one with hires from the out-of-work list.

Given this "full-mobility" provision, an employer that has a regular crew of employees and undertakes a project in New York City covered by the CBA has an incentive to encourage its employees to join the NYC Council in order to bypass the requirement of matching them one-to-one with hires from the out-of-work list. (Members of the Northeast Council can

3

transfer their membership easily and freely.) The Northeast Council challenged the provision as an unfair labor practice before the NLRB, on the ground that it effectuates a hiring preference based on membership in the NYC Council, in violation of § 8(a)(1) of the NLRA (29 U.S.C. § 158(a)(1)). That subsection prohibits employers from interfering with, restraining, or coercing employees in the exercise of their § 7 rights under the NLRA, including the right to join or refrain from joining a labor organization. Following a hearing, the administrative law judge ("ALJ") found that The Cement League's CBA violated the NLRA as alleged. The NYC Council, joined by The Cement League, filed exceptions, and in February 2016, the NLRB issued its decision agreeing with the ALJ.

The Cement League and NYC Council have petitioned for review of that NLRB decision and the NLRB has cross-petitioned for enforcement. The Northeast Council has intervened in support of the NLRB.

"Our review is deferential: This court reviews the Board's legal conclusions to ensure that they have a reasonable basis in law. In so doing, we afford the Board a degree of legal leeway." Long Island Head Start Child Dev. Servs. v. NLRB, 460 F.3d 254, 257 (2d Cir. 2006) (internal quotation marks omitted). We uphold "the NLRB's legal determinations if not arbitrary and capricious." Id. (internal quotation marks omitted).

Neither The Cement League nor the NYC Council argued before the ALJ that the challenged provision of their CBA comports with the NLRA; nor, after the ALJ concluded that the provision violates the NLRA, did either of them file an exception to that conclusion. We are therefore statutorily barred from considering any challenge to that ruling now "unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances." 29 U.S.C. § 160(e). Petitioners point to no extraordinary circumstance. We therefore accept as uncontested for purposes of this proceeding that the enforcement of the challenged provision of the CBA violates the NLRA.

The NYC Council and The Cement League's only argument is that any violation is merely technical or de minimis and was

in any event validated by court order.  They contend that the challenged provision furthers the anticorruption objectives of a consent decree that the NYC Council entered in 1994 to settle a civil RICO action brought by the Department of Justice.  The U.S. District Court for the Southern District of New York (Berman, J.) monitors that consent decree and must review any CBA that the NYC Council enters; acting in that capacity, the district court approved the CBA in question.  The NYC Council and The Cement League argue that the NLRB should defer to that approval, notwithstanding any technical NLRA violation.

The NLRB rejected that argument, reasoning that the district court did not consider compliance with the NLRA and did not premise approval upon it; that the challenged provision did not appear to have been approved on the basis of an anticorruption purpose or effect; and that any such anticorruption goal could be served instead by NLRA-compliant hiring provisions.  To the extent that the NLRB is correct about the district court's analysis, the NLRB's order has a reasonable basis in law and is not arbitrary and capricious.

Accordingly, and subject to any further measures that may be appropriate in light of such views as U.S. District Judge Richard M. Berman may express, we hereby **DENY** the petition for review of the NLRB's decision, **GRANT** the cross-petition for enforcement of the order, and the issuance of the mandate is **HELD IN ABEYANCE**; the Clerk of Court is directed to deliver a copy of this order to U.S. District Judge Richard M. Berman, and the mandate **SHALL NOT ISSUE** until the lesser of 30 days from the issuance of this order or until the parties advise this court as to Judge Berman's view whether this order bears upon matters that are within the jurisdiction of his supervision of a consent order in United States v. NYC Council, No. 1:90-cv-5722.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

5